**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

BRIAN EVANS,

    Plaintiff,

v.

INTER MIAMI CF, LLC,

    Defendant.

_____/

Case No. 0: 26-60543-CIV-SMITH

**DEFENDANT INTER MIAMI CF, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Inter Miami CF, LLC ("Inter Miami") moves to dismiss Plaintiff Brian Evans's *pro se* Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Even construing the *pro se* pleading liberally, the Complaint fails because it identifies no actionable "advertising" by Inter Miami, pleads no misrepresentation with particularity, and—most fundamentally—alleges no plausible reliance, detriment, or cognizable damages caused by Inter Miami. Plaintiff's own parallel suit against StubHub, Inc., confirms that his grievance arises from StubHub's alleged ticket misdescription, not from any pre-purchase representation by Inter Miami. Accordingly, each count should be dismissed, and dismissal should be with prejudice because amendment would be futile.

## I.    PLAINTIFF'S ALLEGATIONS

Plaintiff's rambling *pro se* Complaint is difficult to follow, but the core factual allegations are narrow. Plaintiff alleges he purchased tickets he believed provided "suite-level" or "premium" seating for an Inter Miami match, arrived at the stadium expecting to sit in a premium area, and was told by stadium personnel that the seats he attempted to occupy were not the seats on his ticket. Compl. at 8 (ECF No. 1), a copy attached hereto as Exhibit "A." Plaintiff alleges a "uniformed Inter Miami employee wearing a visible badge" approached Plaintiff and directed him to relocate to the seats printed on his tickets. *Id*. Plaintiff further alleges that the same "uniformed employee made a specific and definite promise that Franco [Plaintiff's guest] would be given a post-game photograph opportunity with Lionel Messi if Plaintiff moved seats." *Id*. Plaintiff alleges he "relied" on that statement and "relinquished the premium seating location" he asserts made such an opportunity possible; Plaintiff alleges no employee returned and the promised opportunity never occurred. *Id*.

Notably, Plaintiff does not allege that he purchased any ticket from Inter Miami, that Inter Miami sold him a ticket, or that Inter Miami made any representation to him before he purchased tickets. Instead, the only Inter Miami-related "representation" identified in the factual narrative is the alleged, on-site statement by an unidentified "uniformed employee" after Plaintiff had already arrived at the stadium and after the ticket transaction was complete. *Id*.

## II.    PLAINTIFF'S PARALLEL STUBHUB COMPLAINT

In a separate action in this Court arising from the same event, Plaintiff sued StubHub, Inc., for allegedly selling tickets that were "incorrect" or misdescribed. *See generally* Compl., *Evans v. StubHub, Inc.*, No. 0:25-cv-61708-RS (S.D. Fla. Aug. 26, 2025), ECF No. 1 ("StubHub

Compl."), a copy attached hereto as Exhibit "B."[1] Plaintiff attaches and relies on the ticket order details in that complaint, alleging that the ticket he purchased through StubHub did not provide the seat location he expected. *See id*. at 10 (ticket order details). The allegations in the StubHub Complaint demonstrate that Plaintiff's dispute is with the ticket seller and the alleged ticket misdescription—not with any statement or representation by Inter Miami.

### III.   LEGAL STANDARD

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007); *Leonard v. Countrywide Home Loans, Inc.*, No. 11-60002-CIV, 2011 WL 1883131, at *1 (S.D. Fla. Apr. 19, 2011). Rule 8, however, requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face," meaning the alleged facts must permit a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are not required to accept legal conclusions couched as factual allegations, and claims supported only by conclusory assertions must be dismissed. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Iqbal*, 556 U.S. at 678.

---

[1] This Court may take judicial notice of the complaint Plaintiff filed in his separate action against StubHub because it is a publicly filed court document. Courts considering a motion to dismiss may take judicial notice of pleadings filed in other cases to establish their existence and contents. *Chambers v. Ga. Dep't of Corr.*, No. CV424-184, 2025 WL 2726060, at *2 (S.D. Ga. Sept. 5, 2025). Here, the StubHub complaint contains allegations regarding Plaintiff's purchase of the ticket through StubHub and the alleged misrepresentation in the StubHub listing—allegations that directly undermine the theory asserted in this action.

These standards apply equally to *pro se* litigants. Although *pro se* pleadings are construed liberally, a *pro se* plaintiff remains "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Courts are not required to rewrite a deficient pleading in order to sustain an action, and dismissal is appropriate where a *pro se* complaint fails to allege sufficient facts to state a plausible claim for relief. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *Leonard*, 2011 WL 1883131, at *2.

In addition, claims sounding in fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under this rule, a plaintiff must allege the precise statements made, the time and place of the statements, the person responsible for them, and how the statements misled the plaintiff. *See Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002); *Leonard*, 2011 WL 1883131, at *2. Failure to plead fraud with the requisite particularity warrants dismissal. *Clausen*, 290 F.3d at 1315.

## IV.   ARGUMENT

### A.   Count I (Lanham Act False Advertising) Fails as a Matter of Law.

To state a false advertising claim under § 43(a) of the Lanham Act, a plaintiff must plausibly allege, among other things, that (1) the defendant made false or misleading "advertisements"; (2) the deception had a material effect on purchasing decisions; and (3) the plaintiff was injured or likely to be injured as a result. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). Where a Lanham Act claim is grounded in alleged deception or fraud, courts in this District apply Rule 9(b)'s heightened pleading requirement. *Wyndham*

*Vacation Ownership, Inc. v. U.S. Consumer Att'ys, P.A.*, No. 18-81251-CIV, 2019 WL 7837887, at *4 (S.D. Fla. July 3, 2019).

Plaintiff's claim fails at the threshold because he does not identify any "commercial advertising or promotion" by Inter Miami. The only Inter Miami-related statement alleged is a one-off, face-to-face statement by an unnamed stadium employee made after Plaintiff arrived and after the ticket purchase was complete: that "Franco would be given a post-game photograph opportunity with Lionel Messi if Plaintiff moved seats." Compl. at 8. That alleged statement is not an advertisement or promotion disseminated to consumers for the purpose of influencing purchasing decisions; it is, at most, a post-purchase customer-service interaction during stadium operations. *See Hickson*, 357 F.3d at 1260 (requiring a material effect on purchasing decisions); *see also Wyndham*, 2019 WL 7837887, at *9–10 (discussing the commercial-speech requirement in the false advertising context).

Even if Plaintiff could recast this alleged statement as "advertising," he cannot satisfy the Lanham Act's materiality and causation elements. Plaintiff does not allege the statement induced him to buy anything, pay anything, or refrain from any available alternative. To the contrary, the alleged statement occurred only after he had already purchased tickets and arrived at the stadium. Compl. at 8. He therefore cannot plausibly allege that the statement had any "material effect on purchasing decisions." *Hickson*, 357 F.3d at 1260.

Plaintiff also fails to satisfy Rule 9(b). He does not allege who made the statement (beyond "a uniformed employee"), that person's role or authority, the precise circumstances of the conversation, or any facts establishing that Inter Miami made a false "commercial" representation in interstate commerce. Compl. at 8; *see Wyndham*, 2019 WL 7837887, at *4 (Rule 9(b) applies).

Finally, Plaintiff alleges no cognizable injury caused by Inter Miami's purported "advertising." His alleged "reliance" was simply that he complied with stadium staff's directive to sit in the seats on his ticket—something he was required to do regardless of any alleged promise. Compl. at 8. Plaintiff does not allege he surrendered anything of value, incurred any additional cost, or changed his position in a way that caused harm as a result of the alleged statement. *Hickson*, 357 F.3d at 1260 (requiring injury caused by the false advertising). Count I should be dismissed.

**B.  Count II (Promissory Estoppel) Fails Because Plaintiff Alleges No Reasonable, Detrimental Reliance.**

Under Florida law, promissory estoppel requires, at minimum, a clear promise, reasonable reliance, and a detrimental change in position caused by the promise. *Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Ins. Co.*, 658 F. Supp. 3d 1250, 1262–63 (S.D. Fla. 2023) (collecting Florida cases). The "essence of promissory estoppel is detrimental reliance." *Id*. (citing *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)). Promissory estoppel is also an equitable doctrine that requires the alleged reliance to be both reasonable and substantial. *W.R. Grace*, 547 So. 2d at 924.

Plaintiff cannot plead detrimental reliance because, by his own allegations, he gave up nothing and did only what he was already required to do: leave seats he was not entitled to occupy and move to the seats identified on his ticket. Compl. at 8. Although Plaintiff asserts (conclusorily) that he "relinquished the premium seating location" he believed made the alleged photograph opportunity possible, he simultaneously alleges that the seats he first attempted to occupy were not his ticketed seats and that Inter Miami staff directed him to his ticketed seats. *Id*. On those alleged facts, complying with the directive to sit in the correct seats is not a

detrimental change in position induced by a promise—it is simply compliance with the ticket terms. *See Vanguard*, 658 F. Supp. 3d at 1262–63; *W.R. Grace*, 547 So. 2d at 924.

Nor is the alleged reliance reasonable. A purported on-the-spot assurance by an unidentified, uniformed stadium employee that a guest will receive a post-game photograph opportunity with a global celebrity is not the kind of definite, authorized, and commercially reliable promise on which a reasonable person may base an equitable estoppel claim. *See W.R. Grace*, 547 So. 2d at 924 (promissory estoppel requires reliance that is reasonable under the circumstances). Because Plaintiff pleads no reasonable, detrimental reliance, Count II should be dismissed.

**C.    Count III (FDUTPA) Fails Because Plaintiff Alleges No Deceptive Act by Inter Miami Causing Actual Damages.**

A FDUTPA claim requires, among other things, a deceptive or unfair practice, causation, and actual damages. *See Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 855–56 (11th Cir. 2023) (affirming dismissal where plaintiff failed to allege cognizable FDUTPA damages); *see also id.* at 855 (FDUTPA requires injury or detriment to consumers).

Plaintiff does not allege any deceptive act by Inter Miami that caused him to part with money or otherwise suffer actual damages. He does not allege he bought tickets from Inter Miami or that Inter Miami made any pre-purchase representation. Compl. at 8. The only alleged Inter Miami statement is the post-arrival, alleged promise regarding a photograph opportunity. *Id*. But that statement did not induce any transaction or any detrimental change of position; it allegedly induced only compliance with stadium staff's instruction to sit in the seat location associated with his ticket. *Id*. Plaintiff pleads no facts showing that this alleged statement caused any "actual damages" cognizable under FDUTPA. *See Ounjian*, 89 F.4th at 855–56. Count III should be dismissed.

**D.    Count IV (Negligent Misrepresentation) Fails Under Rule 9(b) and for Lack of Reliance and Damages.**

Negligent misrepresentation, when premised on a misstatement sounding in fraud, must be pled with particularity under Rule 9(b). *See SIG, Inc. v. AT&T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1181–82 (S.D. Fla. 2013) (Rule 9(b) requires that a complaint reasonably notify defendants of their purported role in a fraudulent scheme).

Here, Plaintiff pleads only a conclusory reference to an unidentified "uniformed employee" and does not allege the who, what, when, where, and how of the purported misrepresentation with the particularity Rule 9(b) demands. Compl. at 8. More importantly, Plaintiff cannot plausibly plead reliance or damages for the same reason discussed above: he alleges he moved to the seats on his ticket and alleges no transactional or economic loss caused by Inter Miami. *Id*. Count IV should be dismissed.

**E.    Dismissal Should Be With Prejudice Because Amendment Would Be Futile.**

Dismissal with prejudice is appropriate where amendment would be futile—that is, where the allegations and materials properly considered by the Court demonstrate that the plaintiff cannot state a viable claim as a matter of law. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Although courts often grant leave to amend, they need not do so where amendment would not cure the fundamental defects in the complaint. *Watkins v. Pinnock*, 802 Fed.Appx. 450, 454 (11th Cir. 2020).

Here, the allegations themselves establish that Plaintiff cannot state a viable claim against Inter Miami. As discussed above, Plaintiff alleges that a stadium employee promised that if Plaintiff moved to his assigned seats he would receive a post-game photograph opportunity with Lionel Messi. Even accepting that allegation as true, Plaintiff cannot plausibly allege reliance, a detrimental change in position, or damages because he merely complied with the instruction to

sit in the seats printed on his ticket. Plaintiff therefore gave up nothing and suffered no cognizable harm as a result of the alleged statement.

Moreover, the Court may take judicial notice of Plaintiff's complaint filed in his separate action against StubHub, which confirms that Plaintiff purchased the ticket through StubHub and that the alleged misrepresentation regarding the ticket location occurred in the StubHub listing rather than through any representation made by Inter Miami. Where allegations in another complaint demonstrate that a plaintiff cannot establish the elements of a viable claim, dismissal without leave to amend is appropriate because amendment would be futile. *See Chambers*, 2025 WL 2726060, at *4 (declining to allow amendment where prior pleadings and related litigation established that plaintiff could not allege a cognizable injury and amendment would therefore be futile).

Because the facts alleged by Plaintiff—and confirmed by his own allegations in the StubHub action—demonstrate that Inter Miami made no actionable representation that caused Plaintiff any legally cognizable injury, there are no additional facts Plaintiff could plead that would transform these allegations into a viable claim. The Complaint should therefore be dismissed with prejudice.

## V.   CONCLUSION

For the foregoing reasons, Inter Miami respectfully requests that this Court dismiss the Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

Dated: March 12, 2026

JAYARAM LAW
/s/ John Gravante
John Gravante
John@jayaramlaw.com
3800 NE 1st Avenue

Suite 500
Miami, FL 33137
Telephone: (516) 441-0961

*Attorney for Defendant Inter Miami CF, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on those parties registered to receive ECF notices by the Court.

By: /s/  John Gravante
John Gravante