UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Brian Evans,

Plaintiff,



v.

Inter Miami CF, LLC, et al.,

Defendants.

Case No.: 0:26-cv-60543-JMS

## PLAINTIFF'S MOTION FOR RECUSAL AND DISQUALIFICATION OF THE

## PRESIDING JUDGE

Plaintiff Brian Evans, proceeding pro se, respectfully moves for recusal and disqualification of the presiding judge pursuant to 28 U.S.C. § 455(a), and states as follows:

## INTRODUCTION

This action arises from allegations concerning ticketing practices, consumer representations, and related conduct involving Defendants Inter Miami CF, LLC and associated entities.

A substantial portion of the factual allegations in this case relate to ticketing conduct involving StubHub and related marketplace practices.

1

The presiding judge in this matter has previously presided over separate litigation involving Plaintiff and StubHub. Those proceedings became highly adversarial and involved multiple contested rulings.

Several of those rulings are presently the subject of an appeal before the United States Court of Appeals for the Eleventh Circuit.

Because the issues in the present case overlap substantially with the factual context of the StubHub litigation, and because the presiding judge's rulings in that case are currently under appellate review, a reasonable observer could question whether complete impartiality can be maintained in this proceeding.

For these reasons, Plaintiff respectfully seeks reassignment of this case to a different judicial officer in order to eliminate any possible appearance of partiality.

## LEGAL STANDARD

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The United States Supreme Court has explained that the relevant inquiry is whether an objective, fully informed observer would entertain significant doubt about the judge's impartiality.

While judicial rulings alone rarely constitute a basis for recusal, courts have recognized that recusal may be appropriate where the surrounding circumstances create an appearance that a judge may be unable to approach the case with complete neutrality.

## FACTUAL BASIS FOR RECUSAL

2

Plaintiff previously litigated a case involving StubHub before the presiding judge.

During that litigation, numerous disputes arose, and the proceedings became highly adversarial.

Among other things, motions filed by Plaintiff were struck for alleged procedural deficiencies, including lack of conferral, even in circumstances where opposing parties had not yet appeared in the litigation.

Those rulings contributed to a contentious procedural posture between the parties and the Court.

Plaintiff has since appealed aspects of that litigation to the United States Court of Appeals for the Eleventh Circuit, where the matter remains pending.

The present case involves allegations that substantially intersect with the factual subject matter of the StubHub litigation, particularly with respect to ticketing practices and marketplace representations.

Because the prior case involved the same Plaintiff, overlapping factual subject matter, and rulings that are presently under appellate review, the continued assignment of this matter to the same judicial officer creates an appearance that the Court may be reviewing issues closely related to matters already decided and currently under review by the appellate court.

Even if no actual bias exists, the appearance of impartiality is sufficient under 28 U.S.C. § 455(a) to warrant reassignment where a reasonable observer could question neutrality.

## ARGUMENT

Federal courts have repeatedly emphasized that the judiciary must avoid not only actual bias but also the appearance of bias.

Where the circumstances surrounding a case could lead an objective observer to question a judge's impartiality, recusal is appropriate in order to preserve public confidence in the judicial system.

Here, several factors combine to create such an appearance:

1. The presiding judge previously presided over litigation between Plaintiff and StubHub.

2. That litigation involved contentious procedural disputes and rulings adverse to Plaintiff.

3. Those rulings are currently under review before the Eleventh Circuit.

4. The present case involves factual allegations relating to ticketing practices that overlap with issues central to the StubHub litigation.

Under these circumstances, reassignment of this matter would ensure that the case proceeds before a judicial officer whose impartiality cannot reasonably be questioned.

This request is made respectfully and without any allegation of personal bias. Rather, it is made solely to preserve the appearance of neutrality required by federal law.

Recusal in this circumstance would serve the interests of both the parties and the Court. Because the prior StubHub litigation between Plaintiff and the presiding judge is currently under review before the United States Court of Appeals for the Eleventh Circuit, reassignment of this matter would eliminate any potential perception that issues related to that litigation—or factual circumstances closely intertwined with it—are being revisited by the same judicial officer while appellate review remains pending. Reassignment would therefore protect the integrity of the proceedings and ensure that the case proceeds before a judicial officer whose neutrality cannot reasonably be questioned.

## CONCLUSION

n requesting recusal, Plaintiff does not contend that the Court harbors any personal bias or prejudice but respectfully submits that the governing standard under 28 U.S.C. § 455(a) focuses on whether an objective, fully informed observer could reasonably question impartiality under the circumstances. Here, the presiding judge previously presided over litigation involving Plaintiff and StubHub that became highly contested and resulted in rulings that are presently under review before the United States Court of Appeals for the Eleventh Circuit. Because the factual context of the present action involving Inter Miami includes allegations concerning ticket marketplace practices intertwined with the same StubHub-related conduct, a reasonable observer could conclude that reassignment would best preserve the appearance of neutrality required by federal law. Reassignment at this early stage of the proceedings would impose minimal burden on the Court while ensuring full public confidence in the fairness and impartial administration of justice.

For the foregoing reasons, Plaintiff respectfully requests that the presiding judge recuse himself from this matter pursuant to 28 U.S.C. § 455(a), and that the case be reassigned to another judge of this Court.

In the event the Court declines to grant this request, Plaintiff respectfully raises the issue at this stage to ensure the question of recusal and the appearance of impartiality under 28 U.S.C. Section 455(a) is properly preserved for appellate review, if necessary.

Pursuant to Local Rule 7.1(a)(3), Plaintiff notes that conferral was not possible prior to filing this motion because no counsel has appeared on behalf of the Defendants at the time of mailing this motion.

Respectfully submitted,

Brian Evans

2080 S. Ocean Drive

Suite 1505

Hallandale Beach, FL 33009

(954) 214-3076

Plaintiff, Pro Se

March 11, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2026, the foregoing Motion was placed in

the United States Mail addressed to the Clerk of the United States District Court for the Southern

District of Florida for filing. Pursuant to Federal Rule of Civil Procedure 5(a), service on

Defendants is not required at this time because no counsel has appeared on their behalf.

Brian Evans

2080 S. Ocean Drive

Suite 1505

Hallandale Beach, FL 33009

(954) 214-3076

Plaintiff, Pro Se

March 11, 2026

7

Brian Evans
2080 S. Ocean Drive
Suite 1505
Hallandale Beach, FL 33009



Clerk of The Court
U.S. Federal Building and Courthouse
299 East Broward Boulevard
#108
Fort Lauderdale, Florida 33301

33301-197799

MIAMI FL 330

12 MAR 2026 PM 5  L