**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60543-CIV-SMITH**

BRIAN EVANS,

      Plaintiff,

vs.

INTER MIAMI CF, LLC,

      Defendant.

_____/

## <u>ORDER DENYING MOTION TO RECUSE</u>

This cause is before the Court on Plaintiff's Motion for Recusal and Disqualification of the Presiding Judge [DE 16].  Under 28 U.S.C. § 455 a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned [or w]here he has a personal bias or prejudice concerning a party."  The Eleventh Circuit has explained:

> Under 455(a), the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir. 1988). Further, to disqualify a judge under § 455, the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.' " *United States v. Bailey,* 175 F.3d 966, 968 (11th Cir. 1999) (per curiam) (quoting *United States v. Ramos,* 933 F.2d 968, 973 (11th Cir. 1991)).  Thus, the bias must be personal, as opposed to judicial in nature. *United States v. Archbold–Newball,* 554 F.2d 665, 682 (5th Cir. 1977). "Precedent clearly holds that adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat,* 261 F.3d 1075, 1103 (11th Cir. 2001).

*Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 824–25 (11th Cir. 2009).

Plaintiff maintains that the undersigned's impartiality may be reasonably questioned because the undersigned presided over another case involving Plaintiff which is currently on appeal.  As set out above, the mere facts that the undersigned's rulings are on appeal and may not

have been favorable to Plaintiff do not, on their own, raise issues of partiality.  Plaintiff has offered

no other basis for recusal.  Accordingly, it is

      **ORDERED** that Plaintiff's Motion for Recusal and Disqualification of the Presiding Judge

[DE 16] is **DENIED.**

      **DONE AND ORDERED** in Fort Lauderdale, Florida this 20th day of March, 2026.

                                  _____

                                  RODNEY SMITH
                                  UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record/Pro Se Party

2